519 A.2d 1118

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Keith J. Spangenberg, Appellee.

Submitted on briefs October 20, 1986, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE DOYLE, January 16, 1987:

The Pennsylvania Department of Transportation (Department) has appealed the order of the Court of Common Pleas of Wayne County, which reversed the Department's decision recalling the school bus operating privileges of Keith Spangenberg because he had a cardiovascular condition incompatible with the safe operation of a school bus. We reverse.

In recalling Spangenberg's school bus operator's class 4 license, the Department relied on 67 Pa. Code §71.3, which requires an annual physical examination for school bus drivers and states that "the minimum requirements for passing a physical examination" include not only compliance with specified vision standards and the absence of anatomical impairment, but also require that the driver have "[n]o established medical history or clinical diagnosis of . . . (ii) myocardial infarction, angina pectoris, [or] coronary insufficiency."

The facts are not in dispute. Spangenberg had a myocardial infarction in 1957 or 1958. He testified that in 1981 his heart condition began bothering him, so he took a leave from his job and went into the hospital. In December 1981, Spangenberg underwent by-pass surgery. Following the surgery, Spangenberg has had no symptoms and has had no difficulty operating a school bus.

On appeal, the Court of Common Pleas of Wayne County reversed the Department's decision to recall Spangenberg's license on the ground that the Depart-

ment failed to prove that Spangenberg was a higher risk and greater danger as a school bus driver.

We agree with the Department that the instant case is on all fours with our decision in *Department of Transportation, Bureau of Traffic Safety v. Johnson,* 88 Pa. Commonwealth Ct. 248, 489 A.2d 960 (1985) (*Johnson* was not available to the trial judge in this case because its filing date was later than the date of his decision). In *Johnson,* we held that the holder of a school bus driver's license, who had a history of myocardial infarction, but who was found to be in good physical condition, could nevertheless have his school bus operator's privileges recalled solely upon the basis of the departmental regulation declaring that a history of myocardial infarction will disqualify a school bus operator. We also found in *Johnson* that the regulation disqualifying school bus drivers solely on the basis of medical history of a myocardial infarction, without proof of any current impairment, is reasonable and hence valid under the substantive due process test.

Since there is no dispute that Spangenberg has a history of myocardial infarction and coronary arterial disease, we reverse the decision of the Court of Common Pleas of Wayne County.

ORDER

NOW, January 16, 1987, the order of the Court of Common Pleas of Wayne County, dated January 11, 1984, at No. 1223 of 1983, is reversed.